UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE MERCIER,

                 Plaintiff,

         v                                                  1:07-CV-523
                                                                    (LEK/DRH)

GEORGE MERCIER, MICHELLE MERCIER,
MICHAEL D. MERCIER, SUSAN MERCIER,
THOMAS VOELKLE, SANDRA FRANKEL,
PATRICK O'FLYNN, JAMES GODSHEL, PATRICIA
MARKS, ELMA A. BELLINI, THOMAS VAN
STRYNODONCK, JOHN J. ARK,
THE REPUBLIC OF FRANCE,

                 Defendants.
_____

APPEARANCES

GEORGE MERCIER
Plaintiff, *pro se*

Lawrence E. Kahn
United States District Judge

## **DECISION AND ORDER**

### **I. BACKGROUND**

Presently before the Court is a civil rights complaint filed *pro se* by George Mercier ("Plaintiff"). Compl. (Dkt. No. 1). Plaintiff, a resident of Nevada, has also filed an application to proceed *in forma pauperis*. Dkt. No. 2.

Plaintiff has filed four other actions in this District since 2004. See Mercier v. The Central Intelligence Agency, *et al.*, 5:04-CV-0429; Mercier v. The Governor of the State of New York, 1:06-CV-0350; Mercier v. Pataki, *et al.*, 1:06-CV-0435; Mercier v. Governor of the State of New York, e*t al.*, 1:06-CV-0664. All of those actions were dismissed because of Plaintiff's failure to state a claim.[1]

---

[1] The District Court of Nevada has recently stated that Plaintiff filed approximately seventy-five (75) actions in the District of Nevada during the one-year period ending in April 2007. Mercier

## II. DISCUSSION

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the Court must determine whether the plaintiff may proceed with the action without pre-paying, in full, the required filing fee. The Court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the entire file herein, the Court finds that the plaintiff's *in forma pauperis* application is unclear and cannot be granted. Plaintiff, who is not incarcerated, claims not to have any source of income or means of support. Plaintiff indicates that he has cash, a checking accounting, or a savings account; however, Plaintiff's answer regarding how much money he has is illegible. Dkt. No. 1 at 2. Therefore, the Court finds that Plaintiff has failed to provide sufficient financial information and must be denied *in forma pauperis* status.

In light of Plaintiff's *pro se* status, the Court has also considered whether the complaint states a claim upon which relief may be granted. Although the court has the duty to show liberality towards *pro se* litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.[2]

---

v. Fed. Bureau of Investigation, *et al.*, No. 2:06-CV-01430-KJD-LRL, 2007 WL 1110722, at *1 (D. Nev. Apr. 11, 2007).

[2]Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court and to discourage the waste of judicial resources. Neitzke v. Williams, 490 U.S. 319, 327 (1989). In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. Id. at 325 (1989).

A court may dismiss a complaint as factually frivolous if the facts alleged are clearly baseless, a category that includes allegations that are fanciful, fantastic, and delusional. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke, 490 U.S. at 325-28). Thus, a finding of factual frivolousness is proper when the facts alleged rise to the level of the irrational or the wholly incredible. Denton, 504 U.S. at 33.

Plaintiff's Complaint is certainly frivolous. Plaintiff's Complaint discusses the 1959 French film "Les Quatre Cent Coups" and the use of cobblestones in Parisian streets during the late 1800s and early 1900s. In addition, the Complaint implicates the Central Intelligence Agency and Governor Nelson Rockefeller in President John F. Kennedy's assassination and alleges that Plaintiff's family wants him to visit with UNLV "Coach" Joe Felix. Compl. (Dkt. No. 1) at 3. Additionally, attached to his *in forma pauperis* application is a statement in which Plaintiff indicates that he has "asked the Aliens for aslym [*sic*]" as he no longer has an interest in living inside the United States. Dkt. No. 2 at 3.

Plaintiff also alleges that the Brighton Police Department broke into Plaintiff's residence.[3] Compl. (Dkt. No. 1) at 3. However, Plaintiff gives no factual support for his allegation and fails to state when or where this action occurred, or whether any of the individuals named as Defendants in this action were directly involved in the incident.[4] Accordingly, Plaintiff's action is frivolous and

---

[3]This is not the first time Plaintiff has made allegations against the Brighton Police Department. Plaintiff has previously alleged that his mother's house was burglarized by the Brighton Chief of Police and, indirectly, by the Central Intelligence Agency. See Mercier v. The Central Intelligence Agency, *et al.*, 5:04-CV-0429, Compl. (Dkt. No. 1) at 3. Plaintiff has also alleged that in 1995 Defendant Voelkle, the Chief of Police for the Brighton Police Department, conspired to steal from Plaintiff and to have Plaintiff "put away." Mercier v. Pataki, *et al.*, 1:06-CV-0435. Compl. (Dkt. No. 1) at ¶1.

[4]Plaintiff does allege that Defendant Voelkle, the Chief of the Brighton Police, was involved in the breaking into of the residence. Plaintiff states that Chief Voelkle participates by "sitting back

3

is dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   May 25, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

in his office, and asking the painter at the Diplomat Apartments by telephone to "lift" this or that, which is then sometimes flown out of the area."  Compl. (Dkt. No. 1) at 3.